IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ROBERT NOLAN HERRINGTON | § | CASE NO: 05-20575 |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

## ORDER DENYING MOTION TO TRANSFER VENUE

On this day came on for consideration the Motion to Transfer Venue filed by Textron Financial Corporation ("Textron"). The court, having heard the evidence and arguments of counsel, finds that the Motion should be denied.

Venue of a bankruptcy case is governed by 28 U.S.C. §1408(2), which allows a Debtor who is an affiliate of another Debtor in that district to file bankruptcy in the same court. Venue is determined as of the petition date, April 19, 2005.  Elite Rentals of Louisiana, Ltd., a Texas limited partnership, ("Elite") is a debtor in this court (Case No. 02-20955-C-11). Elite's Third Amended Chapter 11 Plan of Reorganization was confirmed by this court. The general partner of Elite is Herrington Management Company, which is a corporation wholly owned by Robert N. Herrington ("Debtor"). Debtor is also the general manager of Elite pursuant to the Third Amended Plan of Reorganization.

Venue is proper in the district "in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership." 28  U.S.C. §1408(2). An affiliate includes an entity "that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor." 11 U.S.C. §101(2). Affiliate includes a corporation "20% or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls or holds with power to vote, 20% or more of the outstanding voting securities of the debtor." 11 U.S.C. §101(2)(B). Herrington Management Company is an affiliate of the Debtor because it is wholly owned by the Debtor. Herrington Management Company is the general partner of Elite and is therefore an affiliate. Accordingly, Debtor meets the statutory definition of an "affiliate" of Elite and venue is proper in this court. The legislative history of the statute supports the court's conclusion. "The use of 'directly or indirectly' in subparagraphs (A) and (B) is intended to cover situations in which there is an opportunity to control, and where the existence of that opportunity operates a indirect control." H.R. Rep. No. 595 95th Cong. 1st Sess. 308-9. Moreover, the limited partner of Elite, which owns the remaining 99%, is a trust for the benefit of Debtor's children and in which Debtor serves as trustee. Finally, in additional support for denial of the motion, the Court finds that a major asset of Debtor's estate is his interest in Adversary Proceeding No. 03-0807-C, styled *Robert N. Herrington, Doris Herrington, Elite Rentals Louisiana, Ltd. d/b/a Herrington Equipment Company vs. Romco Equipment Co., and Volvo Construction Equipment North America, Inc.*   , now pending in this court.

    For the reasons stated above, the Court finds that the Motion to Transfer Venue should be denied.

    It is therefore ORDERED that the Motion to Transfer Venue filed by Textron Financial Corporation is hereby DENIED.

SIGNED 08/24/2005.

RICHARD S SCHMIDT
United States Bankruptcy Judge